IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ULYSSES LEWIS,

      **Plaintiff**

      v.

CASE NO.:

U.S. ANESTHESIA PARTNERS, INC.,
a Foreign Profit Corporation

      **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ULYSSES LEWIS (hereinafter referred as "Plaintiff"), by and U.S. ANESTHESIA PARTNERS, INC., (hereinafter referred as "USAP" or "Defendant"), pursuant to the Americans with Disabilities Act ("ADA") and the and in support of states as follows:

## INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Lewis, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA") and seeks damages, including back pay, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as his attorneys' fees and costs.

## JURISDICTION

2. The acts and omissions giving rise to this action occurred in Orange, Florida.

3. Plaintiff was employed by Defendant in Orange, Florida.

4. Defendant "USAP" operates one or more free-standing anesthesia services in Florida.

5. This is an action at law raises a federal question under federal law, specifically the

ADA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

## **VENUE**

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District and the Defendant maintain offices in Orlando, Florida.

## **PARTIES**

7. Plaintiff was an employee of Defendant since May 5, 2017.

8. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

9. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

10. Plaintiff is protected by the ADA because he suffered from an arm and wrist injury, therefore, either:

   a. Was suffering "a physical or mental impairment that substantially limits one or more his major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);
   b. Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or
   c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

11. Defendant is a Foreign Profit Corporation which provide anesthesia services.

12. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

13. In 2015, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

14. In 2016, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

15. In 2017, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

16. At all times relevant, Defendant was engaged in an industry affecting commerce.

17. At all times relevant, Defendant was engaged in an activity affecting commerce.

18. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

## FACTUAL ALLEGATIONS

19. Plaintiff was hired as an IT Operator on or about May 5, 2017.

20. On or about August 2017, Plaintiff was involved in a car accident in which he broke his arm and wrist.

21. Plaintiff received ongoing medical treatment for his wrist injuries.

22. Plaintiff received lifting restrictions (no heavy lifting) from his treating physicians following his accident.

23. Plaintiff's injuries and restrictions affected his daily living activities.

24. Plaintiff returned the next day to work with his arm in a sling but was able to perform the functions of his job with only minor assistance.

25. Plaintiff was told by Defendant to take as much time as he needed to recover.

26. Despite this permission from the Company, Plaintiff only left the office early three times due to the pain he was experiencing from his injuries.

27. Around September 2017, Plaintiff re-injured his wrist at work.

28. One week later, John Munson, Plaintiff's supervisor, terminated him because of his disability.

29. Plaintiff was told that he could not work with an arm injury.

30. Plaintiff was treated differently than his coworkers.

31. Plaintiff notified his supervisors about his medical conditions.

32. Although Plaintiff was absent from work on several occasions, he followed proper notice procedures.

33. Defendant were made aware of his medical conditions was provided with doctor's notes by Plaintiff.

34. Plaintiff's medical conditions affected his daily life activities, but he was able to return to work and perform the essential functions of his job as before.

35. Defendant violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

36. At the time of his termination Plaintiff was qualified for his position.

37. At the time of his termination Plaintiff was able to perform the essential functions of his job.

38. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

39. Defendant's actions constitute discrimination in violation of the ADA.

40. Defendant's actions constitute retaliation in violation of the ADA.

41. Plaintiff has satisfied all administrative prerequisites to perfect his claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A,** and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of

receipt of his notice of right to sue.

## COUNT I
## PERCEIVED DISABILITY DISCRIMINATION

42. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 41 above.

43. Plaintiff was a qualified individual with a disability.

44. Plaintiff was perceived as disabled by Defendant.

45. Defendant was Plaintiff's employer as defined by the ADA-AA.

46. Defendant discriminated against Plaintiff because of his disability in violation of the ADA-AA.

47. Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the AD-AA.

48. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

49. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

50. Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

51. As direct, natural, proximate and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

52. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

53. Defendant's violation of the ADA-AA were willful.

54. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a) judgment in his favor and against Defendant for violation of the disability association provisions of the ADA-AA;
b) judgment in his favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;
c) judgment in his favor and against Defendant for his reasonable attorney's fees and litigation expenses;
d) judgment in his favor and against Defendant for punitive damages;
e) judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and
f) Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

55. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 41 above.

56. Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's disability.

57. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

58. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

59. The retaliation Plaintiff suffered, in violation of his federal statutory right to be free

from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;
b) judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;
c) judgment against Defendant for compensatory damages;
d) judgment against Defendant for punitive damages;
e) Plaintiff his costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;
f) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and
g) Granting such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff, Ulysses Lewis, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this day 14th day of April, 2020,

Respectfully submitted,

*s/Carlos V. Leach*
Carlos V. Leach, Esq.
FL Bar No.: 540021
Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Ave, Suite 300
Winter Park, Florida 32789
Office: (407) 574-4999
Facsimile: (407) 960-4789

E-mail: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***